**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000503**
**09-MAY-2012**
**08:41 AM**

NO. CAAP-11-0000503

IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAI'I

GENEVIEVE CHANEL BRUFF, Plaintiff-Appellee, v.
CHRISTOPHER JAMES BRUFF, Defendant-Appelant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(FC-DIVORCE NO. 09-1-2791)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Leonard and Ginoza, JJ.)

In this post-divorce decree proceeding, Defendant-Appellant Christopher James Bruff (Christopher), pro se, appeals from the "Order Denying Motion for Reconsideration filed May 24, 2011" (Order) entered June 6, 2011 in the Family Court of the First Circuit[1] (family court).  In the Order, family court denied Christopher's motion for reconsideration of the May 11, 2011 order (May 11, 2011 Order), in which family court found no material change in circumstances and determined that the February 2, 2011 order (February 2, 2011 Order) would "remain in full force and effect."  The February 2, 2011 Order denied Christopher's request for sole legal and physical custody to his two minor children and awarded sole legal and physical custody to Plaintiff-Appellee Genevieve Chanel Ensminger, also known as Genevieve Chanel Bruff and Genevieve Chanel Jefferson (Genevieve).

On appeal, Christopher asks this court to vacate the

---

[1]  The Honorable Sherri L. Iha presided.

May 11, 2011 Order and remand for a hearing on Christopher's request for a change in custody. Christopher also appears to ask this court to conclude that family court violated the Judicial Code of Conduct, in that it was biased in not allowing a fair and impartial hearing.

Christopher's opening brief[2] does not comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b) in nearly every respect. The brief contains no subject index or table of authorities as required by HRAP Rule 28(b)(1). In fact, Christopher fails to cite to any authority whatsoever. He also fails to provide record references as required by HRAP Rule 28(b)(3). Furthermore, Christopher fails to provide a concise statement of the points of error, where in the record the errors occurred, and where in the record the errors were objected to or brought to the attention of the court, in violation of HRAP Rule 28(b)(4).

This court could refuse to consider Christopher's appeal as a sanction for his noncompliance. HRAP Rule 28(b)(4) ("Points not presented in accordance with this section will be disregarded, except that the appellate court, at its option, may notice a plain error not presented."). However, because we adhere to the policy of hearing a case on its merits where possible, we review this case for any meritorious claims. Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995).

Upon careful review of the record and the brief submitted and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we conclude Christopher's appeal is without merit.

On appeal, Christopher appears to argue that the May 11, 2011 Order should be reconsidered because it was based on the February 2, 2011 Order, which Christopher contends "contained

---

[2] No answering brief was filed.

false information awarding the sole physical and legal custody to [Genevieve]." He asserts that at the February 2, 2011 hearing, there was no discussion about child custody, only about visitation, even though the hearing was scheduled pursuant to his motion for a change in custody. He argues that at the May 11, 2011 review hearing, family court improperly relied on the allegedly falsified February 2, 2011 Order to refuse to allow him to introduce evidence and witnesses. He suggests these actions indicated a biased court. Christopher contends family court indicated its bias by not allowing him to present evidence to show a material change in circumstances and as a result, he was denied a fair and impartial hearing.

In essence, it appears Christopher's motion for reconsideration of the May 11, 2011 Order is actually a motion for family court to reconsider the February 2, 2011 Order, which awarded sole legal and physical custody to Genevieve. If viewed as a motion for reconsideration of February 2, 2011 Order, Christopher's motion is untimely because "a motion to reconsider . . . may be filed no later than 10 days after entry of the judgment or order[.]" Hawai'i Family Court Rules (HFCR) Rule 59 (e). A motion for reconsideration of the February 2, 2011 Order was long overdue.

But even if the motion is properly a motion for reconsideration of the May 11, 2011 Order, family court exercises wide discretion in granting or denying a motion for reconsideration, which will not be reversed on appeal unless family court abuses its discretion. Bettencourt v. Bettencourt, 80 Hawai'i 225, 231, 909 P.2d 553, 559 (1995). A family court decision will not be set aside "unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason." Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (quoting In re Doe, 95 Hawai'i 183, 189-90, 20 P.3d 616, 622-23 (2001)). "Furthermore,

3

the burden of establishing abuse of discretion is on appellant, and a strong showing is required to establish it." Ek v. Boggs, 102 Hawai'i 289, 294-95, 75 P.3d 1180, 1185-86 (2003) (internal quotation marks, citation, and brackets omitted).

In any proceeding "where there is at issue a dispute as to the custody of a minor child, the court . . . may make an order for the custody of the minor child as may seem necessary or proper." Hawaii Revised Statutes (HRS) § 571-46 (Supp. 2011). Custody is awarded "according to the best interests of the child[.]" Id., see also Doe v. Doe, 98 Hawai'i 144, 155, 44 P.3d 1085, 1096 (2002) ("A guiding principle for family courts in awarding custody under Hawai'i law is the best interests of the child.").

A custody order may be modified at any time during the minority of a child. See HRS § 571-50 ("[A]ny decree or order of the court may be modified at any time."); see also HRS § 571-46(6) (1993 & Supp. 2011) ("Any custody award shall be subject to modification or change *whenever* the best interests of the child require or justify the modification or change[.]"). (Emphasis added.) Furthermore, to change custody, the movant "must show a material change of circumstances since the previous custody order, and must show that such a change of custody is in the best interest of the child." Nadeau v. Nadeau, 10 Haw. App. 111, 121, 861 P.2d 754, 759 (1993).

A showing of a material change in circumstances generally hinges on the testimony of the parties and other appropriate individuals.

> [T]he question on appeal is whether the record contains substantial evidence supporting the family court's determinations, and appellate review is thereby limited to assessing whether those determinations are supported by credible evidence of sufficient quality and probative value. In this regard, the testimony of a single witness, if found by the trier of fact to have been credible, will suffice.

In re Jane Doe, 95 Hawai'i 183, 196-97, 20 P.3d 616, 629-30 (2001) (internal quotation marks and citation omitted). "[I]t is

4

well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence[.]" Inoue v. Inoue, 118 Hawai'i 86, 101, 185 P.3d 834, 849 (App. 2008).

Christopher failed to provide a transcript of the February 2, 2011 hearing. "The burden is upon appellant in an appeal to show error by reference to matters in the record, and he [or she] has the responsibility of providing an adequate transcript." Bettencourt v. Bettencourt 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) (quoting Union Building Materials Corp. v. The Kakaako Corp., 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984) (citing State v. Goers, 61 Haw. 198, 600 P.2d 1142 (1979). Because the transcript of the February 2, 2011 hearing is not part of the record on appeal, we have no basis upon which to review family court's decisions made on February 2, 2011; therefore, we leave those decisions undisturbed.

Christopher did provide a partial transcript of the May 11, 2011 review hearing. At that hearing, family court stated that Christopher failed to present evidence on February 2, 2011 or May 11, 2011 to show a material change in circumstances. Additionally, family court noted that, even though Christopher has visitation rights, he had not seen his young children in over 15 months. Family court stated it would not be in the children's best interests to fly them from their home in Texas to Hawai'i "to stay with somebody they haven't seen in 15 months[.]" Family court was also reminded by Genevieve that at the February 2, 2011 hearing, "there was a colloquy with [Christopher] at the time about his situation vis-a-vis the suicides [attempts], the distance, the contact, and the issues." Family court continued the existing orders and suggested Christopher "try and coordinate supervised visits in Texas or wait until [the children] get older."

At the May 11, 2011 hearing, family court considered the best interests of the children, found there was no material

change in circumstances, and continued the existing order which awarded sole legal and physical custody to Genevieve. Christopher offered no evidence to show a material change in circumstances, only stating that he wanted to bring in character witnesses.  Without a showing of a material change of circumstances and a showing that a change in custody was in the best interests of the children, family court did not abuse its discretion in continuing the existing orders and in denying Christopher's motion for reconsideration.

Christopher also argues that family court was biased against him.  However, he made no motion to disqualify family court and otherwise did not comply with HRS § 601-7(b) (1993). "[A] party asserting grounds for disqualification must timely present the objection, either before the commencement of the proceeding or as soon as the disqualifying facts become known." Office of Disciplinary Counsel v. Au, 107 Hawaiʻi 327, 338, 113 P.3d 203, 214 (2005) (quoting In re Water Use Permit Applications, 94 Hawaiʻi 97, 122, 9 P.3d 409, 434 (2000)) (internal quotation marks omitted).  Christopher failed to timely object and we decline to review his contention on appeal.

Therefore,

IT IS HEREBY ORDERED that the "Order Denying Motion for Reconsideration filed May 24, 2011" entered June 6, 2011 in the Family Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, May 9, 2012.

On the brief:

Christopher James Bruff,
Defendant-Appellant pro se.

Presiding Judge

Associate Judge

Associate Judge

6